```
IN THE UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF TENNESSEE
          WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| RACHEL S. BULLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 19-cv-2632 |
| | ) | |
| CHARLES SCHWAB & COMPANY, | ) | |
| INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Before the Court is Defendant Charles Schwab & Company, Inc.'s ("Schwab") Motion to Dismiss for Failure to Prosecute, filed on May 31, 2023. (ECF No. 49.) Plaintiff Rachel Bullard responded through counsel on June 4, 2023. (ECF No. 50.) Schwab replied on June 13, 2023. (ECF No. 52.) The Court held a status conference on June 14, 2023. (ECF No. 53.)

Schwab asserts that Plaintiff failed to appear for her deposition in November 2022 and that, despite consistent efforts on the part of Schwab's counsel to arrange a new date, Plaintiff has failed to make herself available. (ECF No. 49 at 1-3.) Plaintiff responds that she has been diligent in trying to arrange the deposition, offering two potential dates and making numerous requests through counsel to speak with opposing counsel

that were ignored. (ECF No. 50 at 2-4.) Plaintiff contends that Schwab has displayed a lack of diligence by failing to allow Plaintiff to depose two of Schwab's witnesses. (Id. at 3-4.)

A district court enjoys "substantial discretion" in deciding when to dismiss a case for failure to prosecute. Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (quoting Knoll v. AT&T, 176 F.3d 359, 363 (6th Cir. 1999)). Nevertheless, the "dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." Id. (quoting Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005)).

The parties' emails and representations show imperfect communication on both sides. (See ECF No. 50 at 7-14.) Although the Court does not question the good faith of any attorney, there were missed opportunities to follow up more quickly or exercise greater diligence by all involved. Because the missed opportunities were mutual, and for the reasons stated at the status conference, it would be inappropriate to grant a dismissal for failure to prosecute in these circumstances. Schwab's Motion, ECF No. 49, is DENIED. For the same reasons, Plaintiff's request that Defendant be required to pay Plaintiff's attorney's fees incurred responding to Defendant's Motion, ECF No. 50 at 1, and

Defendant's similar request for attorney's fees, ECF No. 52 at 5, are DENIED.

SO ORDERED this 14th day of June, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE